# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CYNTHIA HARRIS,

        Plaintiff,

v.

LAKEVIEW LOAN
SERVICING, LLC and
FLAGSTAR BANK,

        Defendants.

Case No. 17-12112
Hon. Terrence G. Berg

## ORDER DIRECTING PLAINTIFF TO SUPPLEMENT THE RECORD

On October 10, 2018, the Court held a telephonic status conference with counsel to determine whether discovery had been completed in this case.

Plaintiff's counsel stated that discovery was complete, but Defendant's counsel indicated that she believed additional discovery might be necessary depending on how the Court decides Defendant's Motion to Dismiss, Dkt. 18, which is currently pending.

Plaintiff's counsel represented during the conference call that, although the complaint was initially filed as an action to quiet title

1

and to challenge a mortgage foreclosure, Plaintiff has since redeemed the subject property.[1]

However, the record does not contain any evidence pertaining to Plaintiff's redemption of the property. Rather, the briefing of the parties concerning Defendant's Renewed Motion to Dismiss is premised on a set of operative facts that existed prior to the alleged redemption. Adding facts about the alleged redemption to the record would aid the Court in resolving the motion before it.

Plaintiff is therefore directed to file supplemental briefing, along with supporting exhibits, to provide information responsive to the following questions:

- When did the redemption take place?
- What amount did Plaintiff pay to redeem the property?

---

[1] This case was removed to federal court by Defendants on June 28, 2017. On July 20, 2017, Defendants filed a Motion to Dismiss. Dkt. 4. In its response to the Motion to Dismiss, Plaintiff requested facilitation for settlement purposes. Dkt. 8 at PageID.251–52. On January 17, 2018, the parties filed a stipulation and order dismissing Count I, Quiet Title; Count III, Specific Performance; and Count IX, Injunctive Relief. Dkt. 13. On January 23, 2018, the Court issued an order referring the case for facilitation and denying without prejudice Defendants' Motion to Dismiss. Dkt. 14 at PageID.382. After facilitation failed, on May 21, 2018, Defendants refiled their Motion to Dismiss. Dkt. 18. Plaintiff responded on June 12, 2018. Dkt. 20. Although Plaintiff's counsel has represented during telephone status conferences on May 2, 2018 and October 10, 2018, that, at some point between the filing of the first and second motions to dismiss, Plaintiff redeemed the property, there is nothing in the record to establish this fact.

- What were all the surrounding circumstances concerning the redemption, including but not limited to whom Plaintiff paid in the process of redeeming the property?
- Did the alleged redemption completely discharge Plaintiff's loan obligation to Defendant?
- Does the fact that Plaintiff has redeemed the property affect the viability or any of the claims remaining in the Complaint? Address each of the remaining claims in the Complaint.
- If the fact that Plaintiff has redeemed the property renders any of the remaining claims moot, show cause why such claims should not be dismissed.
- Are there any other facts pertaining to the redemption that would aid the Court in disposing of the pending Motion to Dismiss?

If Defendants wish to address these questions by submitting supplemental briefing of their own, they may also do so as directed below.

**WHEREFORE, IT IS HEREBY ORDERED**, that Plaintiff shall submit supplemental briefing addressing the above questions within ten (10) days, or by **no later than October 22, 2018**.

Any responsive brief by Defendants may **be submitted by October 29, 2018**.  These supplemental briefs may not exceed ten (10) pages.

**SO ORDERED.**

| | |
|---|---|
| Dated:  October 11, 2018 | s/Terrence G. Berg <br> TERRENCE G. BERG <br> UNITED STATES DISTRICT JUDGE |

### Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on October 11, 2018.

s/A. Chubb<br>Case Manager